UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-10946-MWF (BFMx) | **Date:** April 9, 2025 |
| **Title:** Armando Moreno Crescencio, et al v. Ford Motor Company, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Amy Diaz |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFFS' MOTION TO REMAND [12]

Before the Court is Plaintiffs Armando Moreno Crescencio and Jacob Levy's Motion to Remand (the "Motion"), filed on January 2, 2025. (Docket No. 12). Defendant Ford Motor Company ("Defendant" or "FMC") filed an Opposition on January 17, 2025. (Docket No. 13). Plaintiffs filed a Reply on January 27, 2025. (Docket No. 14).

The Court has read and considered the Motion and held a hearing on **March 3, 2025**.

For the reasons set forth below, the Motion is **DENIED.** Defendant's removal was timely because removability was not ascertainable from the face of the Complaint.

**I.   BACKGROUND**

On December 23, 2022, Plaintiffs purchased a certified pre-owned 2019 Ford F-150 (the "Vehicle"). (Complaint (Docket No. 1-1) ¶ 8). The Vehicle had an approximate value of $37,979.58. (*Id.*). In connection with the purchase, Plaintiffs received various warranties. (*Id.* ¶ 9).

Following the purchase, Plaintiffs allege that serious defects manifested in the Vehicle, including transmission system defects. (*Id.* ¶ 10). Plaintiffs first presented the Subject Vehicle for repairs in June 2023 and reported harsh gear shifting and jerking when accelerating. (*Id.* ¶ 11). In March 2024, Plaintiffs presented the Vehicle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10946-MWF (BFMx)            **Date:** April 9, 2025
**Title:** Armando Moreno Crescencio, et al v. Ford Motor Company, et al.

again for repeated concerns of jerking when accelerating and harsh gear shifts. (*Id.* ¶ 12). Plaintiffs presented the Vehicle for repair a third time in May 2024. (*Id.* ¶ 13). Plaintiffs subsequently revoked acceptance of the Vehicle. (Id. ¶ 14).

Based on the above allegations, Plaintiffs allege violations of the Song-Beverly Consumer Warranty Act ("SBA"), Cal. Civ. Code §§ 1790–1795.8, including breach of express and implied warranties. (*Id.* ¶¶ 19–60).

On August 13, 2024, Plaintiffs commenced this action in Los Angeles County Superior Court. (*See generally id.*). Defendant removed this action on December 19, 2024, based on this Court's diversity jurisdiction. (Notice of Removal ("NOR") (Docket No. 1) at 1).

## II. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-10946-MWF (BFMx)                                   Date:  April 9, 2025
Title:  Armando Moreno Crescencio, et al v. Ford Motor Company, et al.

## III. **DISCUSSION**

Plaintiffs argue that FMC's Notice of Removal is untimely because removability was ascertainable from the face of the Complaint, which was served August 23, 2024. (Motion at 8).  Defendant disputes this point and contends that removal was timely because it filed the NOR after its own investigation revealed a non-speculative basis for seeking removal pursuant to this Court's diversity jurisdiction.

Under § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal[.]"  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694. The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).  In adopting the "unequivocally clear and certain" standard, the Ninth Circuit sought to, among other things, "bring certainty and predictability to the process of removals," "avoid gamesmanship in pleading," "guard[] against premature and protective removals," and ensure "that removal occurs once the jurisdictional facts supporting removal are evident[.]"  *Id.* at 1094.

### A. **Timeliness of Removal**

Removal pursuant to diversity jurisdiction is proper when the amount in controversy exceeds $75,000 and there is complete diversity among the parties.  28 U.S.C. § 1332.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10946-MWF (BFMx)            **Date:** April 9, 2025
**Title:** Armando Moreno Crescencio, et al v. Ford Motor Company, et al.

### 1. Domicile

FMC first argues that "simply pleading residence is not necessarily sufficient to establish domicile for diversity." (Motion at 6). While true that the Ninth Circuit has not squarely addressed the issue of whether residence equates to domicile, it has instructed that, "[a]t minimum, a person's residence constitutes *some* evidence of domicile." *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (emphasis in original). And courts within this circuit have repeatedly "found that diversity jurisdiction exists based on assertions of residence, absent evidence about domicile to the contrary." *Ervin v. Ballard Marine Constr., Inc.*, CV 16-02931-WHO, 2016 WL 4239710, at *3 (N.D. Cal. Aug. 11, 2016); *see also Arellano v. Wal-Mart Stores, Inc.*, No. CV 17-5134-GW(JCX), 2017 WL 4083144, at *4 (C.D. Cal. Sept. 14, 2017) ("A party's residence is 'prima facie' evidence of domicile.") (quoting *Lopez v. Nationstar Mortgage LLC*, CV 15–03288–MWF (AJWx), 2015 WL 6478263, *2 (C.D. Cal. Oct. 26, 2015)).

FMC does not argue that it encountered or was otherwise presented with evidence that rebutted the reasonable presumption of domicile arising from the statement of residence in the Complaint. Accordingly, diversity of citizenship was affirmatively revealed on the face of the Complaint.

### 2. Amount in Controversy

FMC next argues the Complaint does not contain allegations revealing the amount in controversy exceeds $75,000. (Opposition at 5). Specifically, FMC contends that Plaintiffs' allegation that the Vehicle has an "approximate value of $37,979.58" is insufficient to establish a non-speculative estimate of actual damages under the SBA. (Opposition at 5) (citing FAC ¶ 8). The Court agrees.

Actual damages under the Song-Beverly Consumer Warranty Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). The Ninth Circuit has explained that "consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy because "an estimate of the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10946-MWF (BFMx)            **Date:** April 9, 2025
**Title:** Armando Moreno Crescencio, et al v. Ford Motor Company, et al.

controversy must be reduced if a specific rule of law of damages limits the amount of damages recoverable." *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (internal quotation marks and citation omitted); *see also Oscar Covarrubias v. Ford Motor Co. et al*, No. 2:25-CV-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025).

     Here, the Complaint contained only "an approximate value of the Subject Vehicle without providing any information as to the total cash price . . . or any information from which the mileage use offset can be determined." *Covarrubias*, 2025 WL 907544, at *2. When such information is missing from the face of the Complaint, district courts have determined that the amount in controversy is speculative or uncertain:

- *Covarrubias,* 2025 WL 907544, at *3 (concluding complaint is indeterminate as to amount in controversy where it alleges only the approximate value of the vehicle without providing defendant with sufficient information to apply the SBA damages formula and that defendant's timeline to remove is not triggered until a document or investigation reveals such information);

- *Fang v. Ford Motor Co.*, No. 1:22-CV-0561 JLT SAB, 2022 WL 3444715, at *5 (E.D. Cal. Aug. 17, 2022) (concluding that removal was timely in part because defendant was not "required to speculate as to the purchase price or the applicable mileage offset to calculate [p]laintiff's damages and the amount in controversy with the limited vehicle information provided in the complaint");

- *Jones v. FCA US, LLC*, No. CV 22-859-JFW(GJSx), 2022 WL 1154534, at *2 (C.D. Cal. Apr. 18, 2022) (defendant's calculations "speculative" where defendant relied on "total sale price" of vehicle and did not account for the mileage offset);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10946-MWF (BFMx)          **Date:** April 9, 2025
**Title:** Armando Moreno Crescencio, et al v. Ford Motor Company, et al.

- *Woods v. Ford Motor Co.*, No. CV 24-01594-MWF (PVCx), 2024 WL 4709973, at *2 (C.D. Cal. Nov. 7, 2024) (same); and

- *Chajon v. Ford Motor Co.*, CV 18-10533-RGK (RAOx), 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019) ("While the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair of the vehicle . . . Without these facts, the Court is left with considerable doubt as to the amount in controversy.")

    The Court acknowledges that courts in this District are split on this issue and that FMC has previously advanced arguments that are contradictory to its current position when removing cases on the basis of similar factual allegations. *See Covarrubias*, 2025 WL 907544, at *3 (noting split in this District and collecting cases); (Reply at 7–8) (collecting cases where FMC removed on the basis of similar factual allegations).

    Therefore, in reaching its conclusion, the Court is guided primarily by the principles set forth by the Ninth Circuit in *Dietrich* and detailed above, which emphasize the requirement that the jurisdictional facts be "unequivocally clear and certain" before the removal clock is triggered. 14 F.4th at 1094. Here, they were not. Because the Complaint does not include sufficient information from which FMC could reliably calculate actual damages, any estimate of civil penalties was equally uncertain. *See Chavez v. FCA US LLC*, CV 19-06003-ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain."); *Covarrubias*, 2025 WL 907544, at *2 ("Because any estimate of actual damages is uncertain from the face of Plaintiff's Complaint, any estimate of civil penalties is equally uncertain.").

    While Plaintiffs are correct that FMC has a duty to apply a reasonable amount of intelligence in ascertaining removability and "[m]ultiplying figures clearly stated in the complaint is an aspect of that duty", the Ninth Circuit has also instructed that "defendants need not make extrapolations or engage in guesswork[.]" *Kuxhausen v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 24-10946-MWF (BFMx) | Date: April 9, 2025 |
| Title: Armando Moreno Crescencio, et al v. Ford Motor Company, et al. | |

*BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). As explained in *Kuxhausen*,

> [t]his principle helps avoid a "Catch–22" for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings. That is only fair after all, because . . . "the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate."

*Id.* at 1141 (citation omitted).

As emphasized by FMC's arguments at the hearing, the divergent approaches of the courts in this District have essentially resulted in the "Catch-22" sought to be avoided by the Ninth Circuit. This Court agrees with the other courts in this District that have adopted a stricter application of the "unequivocally clear and certain" standard in part to ameliorate "the imbalance that would result from allowing a plaintiff to start the removal clock with a complaint that fails to include" the actual purchase price or mileage use offset of a vehicle "and then argue in a motion to remand that a defendant's damages calculations are speculative for failure to account for the actual purchase price and/or mileage use offset." *Covarrubias*, 2025 WL 907544, at *3.

Accordingly, FMC's removal was timely.

B.    **Diversity Jurisdiction**

FMC's removal of this action on the basis of diversity jurisdiction was proper.

The Parties do not dispute that Plaintiffs are citizens of California. According to the Complaint, Plaintiffs are residents of Sun Valley, California, which is confirmed by the addresses listed on the Retail Installment Sales Contract and repair orders obtained by FMC. (Complaint ¶ 2); (NOR 4–5). The Parties also do not dispute that FMC is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-10946-MWF (BFMx)            **Date:** April 9, 2025

Title: Armando Moreno Crescencio, et al v. Ford Motor Company, et al.

Delaware corporation with its principal place of business in Michigan. Therefore, complete diversity of citizenship exists between the Parties.

As to the amount in controversy, FMC contends that the actual damages at issue would be approximately $35,959.60. This amount was derived after applying the formula outlined in the SBA, as described above. (*See* NOR at 6–7). Moreover, the SBA allows for a civil penalty of up to twice the amount of actual damages, and the Complaint makes clear that Plaintiffs are seeking this maximum amount. Therefore, excluding attorneys' fees, the total damages amount to approximately $107,878.80. (*See* NOR at 7) ($35,959.60 + (2) x $35,959.60 = $107,878.80).

FMC has thus met its burden to establish both the requisite amount in controversy and complete diversity between the parties.

Accordingly, the Motion is **DENIED.** The deadlines in the Court's Order RE Jury Trial (Docket No. 18) remain in force.

IT IS SO ORDERED.